COWART, Judge.
On September 20, 1979, appellant suffered an adverse jury verdict and a written judgment and order imposing sentence was entered. The trial court extended the time for filing a motion for new trial “to the maximum period allowed by law.” Under Florida Rules of Criminal Procedure 3.590(a) this was fifteen days after the rendition of the verdict, or until October 5, 1979. The motion for new trial was filed October 8, 1979, and denied on December 17, 1979. Notice of appeal was filed on January 16, 1980.
Notice of appeal from a final judgment of conviction must be filed between rendition and thirty days following the entry of the written order imposing sentence. Fla. R.App.P. 9.140(b)(2). Rendition of a written order is delayed by an authorized and timely motion for new trial. Fla.R.App.P. 9.020(g).
Since appellant’s motion for new trial was not timely it did not serve to delay the rendition of the signed written final judgment imposing sentence and did not toll the running of the time for filing his notice of appeal which expired on October 20, 1979.
We have no jurisdiction. The appeal is
DISMISSED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.