Robert Lee ALEXANDER,
Petitioner–Appellant,

v.

Richard L. DUGGER,
Respondent–Appellee.

No. 86–5931.

United States Court of Appeals,
Eleventh Circuit.

March 28, 1988.

Theodore J. Sakowitz, Federal Public Defender, David Lee Brannon, Asst. Federal Public Defender, Miami, Fla., for petitioner-appellant.

Jim Smith, Atty. Gen., Dept. of Legal Affairs, Ralph Barreira, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before RONEY, Chief Judge, KRAVITCH, Circuit Judge, and HENDERSON, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Robert Lee Alexander appeals from the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

## I.

On April 10, 1981, after a jury trial in Florida state court, Alexander was convicted of robbery, possession of a firearm while engaged in a criminal offense, obstructing justice, and grand theft. The state appellate court affirmed the convictions, *Alexander v. State*, 418 So.2d 432 (Fla.Dist.Ct.App.1982), and the petitioner is now serving a life sentence in state prison. On May 23, 1985, Alexander filed a motion to vacate judgment and sentence pursuant to Fla.R.Crim.P. 3.850, stating as grounds for relief that he was denied effective assistance of counsel because his attorney did not have him psychologically evaluated prior to trial and did not call certain alibi witnesses at trial.[1] Although this motion was scheduled for evidentiary hearings on July 3, July 23, August 19, and August 20 of 1985, no evidentiary hearing was ever held. On August 20, 1985, the trial court denied the motion on the ground that the pleadings were not sworn to, as required by Florida law.

---

1. This was actually Alexander's second collateral attack on his conviction. His first was a pleading entitled "Petition for Writ of Error Coram Nobis," filed with the trial court on July 7, 1983. The record does not reveal what happened to this motion.

The petitioner received the trial court's order denying his 3.850 motion on August 29, 1985. Under Florida procedural rules, he then had either 30 days to file a notice of appeal, Fla.R.App.P. 9.140(b)(2), or 15 days to file a motion for rehearing with the trial court, Fla.R.Crim.P. 3.850, which would toll the period for filing an appeal until the motion for rehearing was decided, see Fla.R.App.P. 9.020(g); Smith v. State, 390 So.2d 813 (Fla.Dist.Ct.App.1980). Alexander claims that on September 12, 1985, within the 15 day period for filing motions for rehearings, he mailed to the clerk of the trial court a motion for rehearing on his 3.850 motion. For some unknown reason, this motion was never placed on the court's docket. Two days later, Alexander mailed to the clerk of the trial court a motion for appointment of counsel to assist him in pursuing his September 12, 1985 motion for rehearing. The clerk docketed the motion for appointment of counsel on September 20, 1985 but the trial court never ruled on it, presumably because no motion for rehearing had been filed. Alexander was never informed that his motion for rehearing apparently had been lost.

On March 27, 1986, concerned because the trial court had not yet ruled on his motion for rehearing, Alexander filed a petition for a writ of mandamus requesting that the appellate court require the trial court to rule on the motion. The appellate court ordered the state to show cause why a writ of mandamus should not issue, and in response, the state argued that the trial court was not required to rule on a motion that had never been filed. On May 1, 1986, the appellate court denied Alexander's petition for a writ of mandamus. Alexander v. Donner, 488 So.2d 539 (Fla.Dist.Ct.App.), appeal dismissed, Alexander v. State, 492 So.2d 1330 (Fla.1986).

On May 9, 1986, Alexander filed a notice of appeal from the denial of his 3.850 motion. In response to the appellate court's

order to show cause why the requested relief should not be granted, the state argued that the appeal was procedurally barred because it had not been timely filed, and in addition, that the petitioner's claims of ineffective assistance of counsel were without merit. The appellate court affirmed the denial of the 3.850 motion without opinion.

On July 23, Alexander filed a petition for a writ of habeas corpus in federal district court, asserting as grounds for relief that he was denied effective assistance of counsel because his attorney did not have him psychologically evaluated to determine if he was competent to stand trial and failed to call alibi witnesses at trial. After reviewing the exhibits, trial transcript, and the state's response to an order to show cause, the magistrate recommended that the petition be denied, as Alexander had committed a procedural default in the state system by not timely appealing the denial of his 3.850 motion,[2] and had not demonstrated, under Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), cause for and actual prejudice from the default. The district court denied the petition "[f]or the reasons stated in the Report of the United States Magistrate," and this appeal followed.

## II.

When a procedural default bars litigation of a constitutional claim in state court, a state prisoner may not obtain federal habeas review of the claim absent a showing of cause for the default and actual prejudice resulting from the errors of which he complains. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2644, 91 L.Ed. 2d 397 (1986); Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); Presnell v. Kemp, 835 F.2d 1567, 1577–80 (11th Cir.1988) (cause and prejudice test applies to procedural defaults during state collateral attack pro-

---

**2.** In Campbell v. Wainwright, 738 F.2d 1573 (11th Cir.1984), cert. denied, 475 U.S. 1126, 106 S.Ct. 1652, 90 L.Ed.2d 195 (1986), the court held that if a state court denies a habeas petition without opinion, and the state had argued procedural bar as a ground for denying the peti-

tion, then the federal court must assume that the denial is based on procedural default. In this case, as the state had argued procedural bar, the magistrate was correct in assuming that the state denied the appeal on the ground of procedural default.

ceedings).[3] The petitioner argues that he has demonstrated cause and prejudice and is thus entitled to an evidentiary hearing in the district court on the merits of his ineffective assistance of counsel claims. The state argues that the petitioner has not demonstrated either cause or prejudice, and therefore we should affirm the district court's order dismissing the petition. Although we agree with the petitioner that he has demonstrated cause for his procedural default, we conclude that he has not demonstrated prejudice and thus is not entitled to habeas relief.

### A.

■ In this circuit, "[a] finding of cause must be based on a determination that a miscarriage of justice was suffered and no strategic advantage was gained by failing to comply with the procedural rule." *Jarrell v. Balkcom*, 735 F.2d 1242 (11th Cir. 1984), *cert. denied*, 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985); *Harris v. Spears*, 606 F.2d 639, 644 (5th Cir.1979). The petitioner alleges that on September 12, 1985 he mailed to the clerk of the trial court a motion for rehearing on his 3.850 motion. The state offers no evidence to contradict this allegation, and, in fact, the petitioner's motion for appointment of counsel, which refers to his "Motion for rehearing for post conviction relief September 12, 1985," corroborates his allegation. Under Florida procedural law, had it been docketed, the petitioner's motion for rehearing would have tolled the period for filing an appeal until it was decided. In

reliance on this procedure, the petitioner did not file an appeal until May of 1986 when he learned that his motion for rehearing had never been filed. We conclude that the petitioner, an imprisoned, pro se litigant, suffered a miscarriage of justice when his good faith attempt to comply with the proper state procedure for challenging the denial of his 3.850 motion was frustrated through no fault of his own. As the petitioner obviously gained no strategic advantage as a result of his default, we conclude that he has demonstrated cause.

### B.

■ Having determined that Alexander has demonstrated cause for his procedural default, we must now determine whether he has demonstrated "actual prejudice" from the alleged constitutional errors, in this case, the claims of ineffective assistance of counsel. The burden is on the petitioner to demonstrate actual prejudice from the alleged constitutional violations. *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982). Alexander alleges that his attorney was ineffective because he did not call or subpoena witnesses who would have testified in support of his alibi defense and did not have him psychologically evaluated to determine if he was competent to stand trial. The petitioner has not met his burden of demonstrating actual prejudice from either of these alleged errors.

■ Alexander was charged with robbing the owner of a machine shop at gunpoint, sometime between 8:00 and 8:30 p.m.

---

3. Although neither party raised it, there is an issue as to whether the cause and prejudice test of *Sykes* applies to a pro se litigant. In *Reed v. Ross*, 468 U.S. 1, 11 n. 7, 104 S.Ct. 2901, 2908 n. 7, 82 L.Ed.2d 1 (1984) the Supreme Court left open the question of whether the cause and prejudice test applies when a defendant is representing himself. In *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir.1986) the court concluded that it should, with the following persuasive reasoning:

Although the cases that developed the cause and prejudice standard involved counsel's errors, we conclude that the standard should not be limited to those situations. Many state prisoners initiate their own state post-conviction actions. To sweepingly conclude that

pro se litigants should not be held to the cause and prejudice standard is to ignore the clear trend toward applying that standard and the apparent abandonment of [the] deliberate bypass standard [of *Fay v. Noia*, 372 U.S. 391, 438–39, 83 S.Ct. 822, 849–50, 9 L.Ed.2d 837 (1963) ]. Thus, we hold that *Sykes'* cause and prejudice standard should be applied to [the petitioner's] failure to appeal the denial of his post-conviction relief in state court.

*Id.* at 908. *See also Strickland v. Marshall*, 632 F.Supp. 590, 598–99 (S.D.Ohio) (cause and prejudice test applies to errors of pro se litigant), *appeal dismissed*, 803 F.2d 721 (6th Cir.1986). We agree with the *Hughes* court that the cause and prejudice test applies to a pro se litigant.

on November 21, 1980. At trial he presented an alibi defense, testifying that at the time the offense was committed he was at a church carnival with his brother, Glen, his cousin, Rico Smith, and his cousin's friend, Dennis Roy Harris. Glen Alexander's trial testimony corroborated his brother's story. The petitioner now complains because counsel failed to call either Smith or Harris as a witness at trial to strengthen his alibi defense. The record reflects, however, that at a pre-trial deposition, Harris testified that he did not accompany Alexander and the others to the carnival and that he last saw Alexander on November 21, 1980 well before the crime was committed. Thus, by preventing the jury from hearing testimony that would have damaged Alexander's alibi defense, counsel's failure to call Harris as a witness, far from prejudicing Alexander's case, actually helped it. Alexander also has not demonstrated prejudice from counsel's failure to call Rico Smith as an defense witness, as Alexander proffers no evidence to suggest that Smith would have testified favorably had his attorney questioned him.[4] *See United States v. Cockrell,* 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied,* 467 U.S. 1251, 104 S.Ct. 3534, 82 L.Ed.2d 839 (1984); *Buckelew v. United States,* 575 F.2d 515, 521 (5th Cir.1978).[5]

■ Alexander also claims that his lawyer was ineffective for not having him psychologically evaluated to determine if he was competent to stand trial. In order to demonstrate prejudice from his lawyer's failure to have him evaluated, Alexander has to show that there was at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial. *See Adams v. Wainwright,* 764 F.2d 1356, 1367 (11th Cir. 1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986). The legal test for competency to stand trial is whether, at the time of the trial and sentencing, the

petitioner had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and whether he had "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960). Alexander has made only conclusory allegations that he was incompetent to stand trial; he gives no concrete examples suggesting that at the time of his trial he did not have the ability to consult with his lawyer or that he did not understand the proceedings against him. The only evidence Alexander proffers to support his allegation that he was incompetent to stand trial is that he had a history of mental problems. However, he fails to demonstrate how these past problems affected his ability to consult with his lawyer or understand the proceedings against him. In short, Alexander has not demonstrated a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial, and consequently has failed to sustain his burden under *Sykes.*

### C.

■ Although petitioner has failed to demonstrate prejudice, habeas relief may still be granted if necessary to "correct[ ] a fundamentally unjust incarceration." *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 2668, 91 L.Ed.2d 434 (1986); *Presnell v. Kemp,* 835 F.2d 1567, 1582 (11th Cir. 1988). If a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ despite a failure to demonstrate cause and prejudice. *Smith,* 106 S.Ct. at 2668; *Presnell,* at 1582. The petitioner has made no showing that he is actually innocent of the crimes for which he was convicted. Accordingly,

---

**4.** Moreover, the record reveals that Alexander's lawyer subpoenaed Smith to testify at a deposition, but Smith never responded, suggesting that even if counsel wanted to call Smith as a witness, he would have been unavailable.

**5.** The Eleventh Circuit, in the in banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

the order of the district court dismissing the petition is AFFIRMED.