**James Edward RIVERS,
Petitioner–Appellant,**

v.

**R. V. TURNER, Superintendent Glades
Correctional Institution,
Respondent–Appellee.**

No. 88–3219.

United States Court of Appeals,
Eleventh Circuit.

June 6, 1989.

---

Mark A. Pizzo, Asst. Federal Public Defender, Tampa, Fla., for petitioner-appellant.

Davis G. Anderson, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

James Rivers appeals from the district court's denial of his petition for a writ of habeas corpus. Petitioner was indicted in Lee County, Florida, for the slaying of his mother-in-law. He was tried by a jury in the state court and convicted of first degree murder. Rivers is serving a sentence of life imprisonment.

The only issue on appeal is whether petitioner was denied effective assistance of trial counsel. Rivers claims that counsel (1) failed to investigate evidence of Rivers' suicide attempts and psychiatric hospitalizations, which could have provided the basis of an insanity defense; and (2) failed to assert that Rivers might have been incompetent to stand trial and assist in his defense.

## I. BACKGROUND

On August 3, 1976, petitioner approached the home of his estranged wife's parents, where his wife was residing. While pointing a gun at his wife's mother outside the front door of the house, he demanded that his wife open the door and permit him to see their young son. Rivers' wife slipped the lock off of the door and ran out the back door to a neighbor's house for help.

When the police arrived, they found petitioner's mother-in-law dead in the living room, shot twice in the chest. Petitioner had fled the scene and ordered a passing motorist to drive him to a canal. Once at the canal, petitioner got out of the car, and the driver sped away. Shortly thereafter, petitioner appeared at the near-by home of a Mr. and Mrs. Ingersoll. When Mr. Ingersoll went to the door, Rivers, who was soaking wet, stated, "Call the police. A murder has been committed." Mr. Ingersoll further testified that petitioner said he was sorry it had happened but it was too late now, she was dead and he had thrown the gun away. The police soon arrived. Rivers approached the police car, declaring that he had just killed his mother-in-law.

After a jury trial in the Florida court, judgment of conviction was entered for first degree murder, and the court imposed

a life sentence, with a minimum mandatory 25–year term of imprisonment. The conviction and sentence were affirmed on appeal. Rivers' post-conviction applications were denied. Rivers then petitioned for habeas relief in the federal district court, the denial of which he now appeals.

## II. DISCUSSION

In order to succeed on a claim of ineffective assistance of trial counsel, the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), must be met. Petitioner must show that (1) counsel's performance was deficient, based on an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense, *i.e.*, "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687–88, 104 S.Ct. at 2064.

### A. *Insanity Defense*

▇ Petitioner's trial counsel was aware that Rivers had attempted to commit suicide one month before the murder, by swallowing rat poison; that he was hospitalized in a psychiatric ward for several days after that incident, and again after his arrest; that Rivers arrived at the Ingersoll's home soaking wet, apparently after attempting to drown himself in the canal; and that Rivers suffered from bouts of depression and mental difficulties relating to stress and drug and alcohol use. Defense counsel neither obtained Rivers' psychiatric records from his hospitalizations nor sought a psychiatric examination of Rivers prior to trial.

Counsel testified at the evidentiary hearing in the habeas proceeding below that his failure to pursue a defense of insanity was part of his trial strategy, designed to save Rivers from execution, should he be found guilty of first degree murder, and to obtain a conviction of something less than first degree murder. Counsel wished at all cost to prevent the prosecution from delving too deeply into Rivers' case. Counsel had information, which the prosecution did not possess, that petitioner had stated several times during the month prior to the commission of the offense that he planned to kill his wife's entire family. In addition, counsel knew that on the day of the murder petitioner had driven a truck loaded with ammunition from Kissimmee, Florida to Ft. Myers, where the offense took place.

Counsel's strategy to prevent the prosecution from finding evidence of premeditation was reasonable under the circumstances. There was no doubt that Rivers committed the murder. Counsel evaluated the likelihood of success of a defense of insanity and, based on a reasonable professional judgment, decided not to investigate the defense at all. Counsel made a valid judgment that his client's position, precarious due to the damaging evidence of petitioner's conversations with Mr. Ingersoll and the police, could only be aggravated by discovery of the evidence counsel possessed. Counsel's principal aim throughout was to prevent imposition of the death penalty.

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Strickland*, 466 U.S. at 690–91, 104 S.Ct. at 2066. Since counsel must be given "wide latitude" in making such tactical decisions, *id.* at 689, 104 S.Ct. at 2065, we find that counsel's strategic decision not to investigate the insanity defense did not deny petitioner effective assistance of counsel.

Petitioner has not satisfied the first prong of the *Strickland* test as to assertion of the insanity defense; therefore, we need not address whether there was any prejudice suffered. 466 U.S. at 697, 104 S.Ct. at 2069.

774

### B. *Incompetency*

■ Petitioner also claims that defense counsel's failure to question petitioner's competency to stand trial deprived him of effective assistance of counsel. Petitioner charges that counsel did not seek appointment of a psychiatrist to determine petitioner's competency and ignored the fact that petitioner had ingested a higher dosage than prescribed of anti-depressant medication the day of the trial.

A defendant is competent to stand trial if the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and ... has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Claims of incompetency to stand trial should not be considered in habeas corpus proceedings unless the facts are "sufficient to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during a criminal trial." *Bruce v. Estelle*, 483 F.2d 1031, 1043 (5th Cir.1973), subsequent opinion, 536 F.2d 1051 (5th Cir.1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977).

Petitioner has failed to provide such clear and convincing proof to establish legitimate doubt. *Id.* On the contrary, counsel testified that he had no trouble communicating with petitioner during the trial and that petitioner understood the defense strategy, "knew what was going on at the time of trial" and responded appropriately to counsel's questions. Thus, it can not be said that petitioner received constitutionally deficient assistance of counsel, especially in light of counsel's desire to avoid protracting the litigation, which could have led to a more probing investigation by the prosecution. Moreover, petitioner has not shown that he was prejudiced in any way by counsel's decision not to call attention to the issue of the medication. The forensic psychiatrist who testified for petitioner at the hearing indicated that, even with the additional pills,

the amount of medication taken by petitioner still constituted a low dosage. Furthermore, petitioner has not demonstrated that there was a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial. *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir.1988).

### III. CONCLUSION

Finding no constitutional deprivation of effective assistance of counsel, we, accordingly, AFFIRM the order of the district court dismissing Rivers' habeas petition.