Raymond ROBERTS, Petitioner-Appellant,

v.

Ron SUTTON, Warden, Attorney General of the State of Alabama, Respondents-Appellees.

No. 98-6110.

United States Court of Appeals,

Eleventh Circuit.

July 11, 2000.

Appeal from the United States District Court for the Northern District of Alabama. (No. 95-02553-CV-M), William M. Acker, Jr., Judge.

Before COX and HULL, Circuit Judges, and GEORGE*, District Judge.

COX, Circuit Judge:

Raymond Roberts appeals the district court's denial of his 28 U.S.C. § 2254 petition. We vacate and remand.

*Background*

Roberts drove the getaway car for an armed robbery of a Shell food mart in Decatur, Alabama. After awaiting trial for more than 32 months, he was convicted in Morgan County circuit court of first-degree robbery and sentenced, pursuant to Alabama's Habitual Felony Offender Act,[1] to life in prison without parole. Appointed counsel fruitlessly pursued an appeal asserting prejudicial denial of a speedy trial.

Immediately following the appeal, Roberts (proceeding pro se) sought postconviction relief under Ala. R.Crim. P. 32. He asserted a host of grounds, which are listed in the margin.[2] The circuit court

---

*Honorable Lloyd D. George, U.S. District Judge for the District of Nevada, sitting by designation.

[1]Ala.Code § 13A-5-9(c)(3).

[2]Roberts claimed that:

(1)     The evidence did not suffice to support his conviction;

(2)     The trial court gave the jury an accomplice-liability instruction that unconstitutionally permitted his conviction without the requisite specific intent;

appointed counsel. On June 15, 1994, following a preliminary hearing, the court entered judgment denying relief on all of Roberts's claims except those of ineffective assistance of counsel, concluding that the claims did not require an evidentiary hearing. On July 14, acting pro se, Roberts filed a notice of appeal from that judgment. The circuit court clerk then assembled a record of proceedings through the beginning of August, including a transcript of the preliminary hearing and several affidavits offered in the case, including ones by Roberts and both of Roberts's former attorneys, and transmitted it to the Alabama Court of Criminal Appeals. It is unclear whether this Rule 32 record contained any items from the record from Roberts's direct appeal. On August 26, the clerk issued a letter certificate addressed to the "Clerk of the Court of Criminal Appeals of Alabama," stating that the clerk had "this date completed and transmitted herewith to the appellate court the record on appeal said record consisting of a Clerk's Record (Page 01 thru 144) and a Court Reporter's Transcript (Pages 01 thru 12) for a total of 156 pages ..." The clerk sent Roberts a copy of this letter certificate. The court of appeals assigned this appeal the number 93-1861.

The circuit court scheduled what was called an evidentiary hearing on the ineffective-assistance-of-counsel claim on August 23, but ordered that all evidence was to be submitted by

---

(3)     The jury instructions shifted the burden of proof from the prosecution to the defense;

(4)     Prosecutorial misconduct in opening, closing, and off-the-record statements denied him a fair trial;

(5)     His trial counsel rendered ineffective assistance because of several unspecified omissions;

(6)     The trial court misled the jury by failing to explain the polling process;

(7)     His appellate counsel also rendered ineffective assistance by failing to raise the issues that Roberts wanted to raise;

(8)     He was arrested without a proper warrant, because the affidavit upon which the warrant rested did not establish probable cause; and

(9)     His conviction was illegal because the foreperson of the grand jury did not endorse the indictment "a true bill."

We gather these claims from Roberts's own description of his Rule 32 petition; the copy of the Rule 32 petition in our record is illegible.

**2**

affidavit, and that petitioner not be brought to the hearing. What transpired is unknown, since we have no transcript. On October 14, the circuit court entered a second judgment, denying relief on Roberts's ineffective-assistance-of-counsel claims in an opinion that gives no clue as to what happened at the evidentiary hearing. Roberts appealed again, pro se, on November 15. The circuit clerk this time assembled a record apparently of what was left in the file (the final judgment, two handwritten "supplemental affidavits" filed by Roberts, and an exchange of letters between Roberts and his counsel on direct appeal), without a transcript of the evidentiary hearing, even though the record includes a transcript order. Additionally, on November 15, the clerk issued a letter certificate, to the same Alabama appellate court, certifying that the clerk had "completed and transmitted herewith to that appellate court the record on appeal by assembling in (a single volume of 38 pages) ... the clerk's record and the reporter's transcript ...," even though a transcript was not included by the clerk. Again, the clerk sent Roberts a copy of this certificate. The clerk of the court of criminal appeals assigned this appeal the number 94-0352.

Our record contains only one brief from Roberts on appeal. It bears no appeal number, and it addresses all the issues raised in the Rule 32 petition. The State's answer brief also addresses all of the Rule 32 issues, but it bears only the number 94-0352. The Alabama Court of Criminal Appeals affirmed in an opinion with the appeal number 94-0352, observing that the record contained only two supplemental affidavits (perhaps the two transmitted upon the second notice of appeal), that this record was insufficient, and that the insufficiency was Roberts's fault as appellant. The record before this court does not disclose what became of Roberts's first appeal, or the record that was transmitted with it to the Alabama Court of Criminal Appeals. The 94-0352 opinion does not refer to any other appeal.

Roberts then filed this petition under 28 U.S.C. § 2254, asserting five grounds for relief, which we list in the margin.[3] The state answered that all the claims were procedurally barred because Roberts failed

---

[3](1) His trial counsel rendered ineffective assistance because

    (a) he allowed a statement to be altered into a confession on which the arrest warrant

to ensure the transmittal of a proper record on appeal to the Alabama Court of Criminal Appeals. The district court agreed, and adopting the magistrate judge's report and recommendation to that effect, it denied relief.

Roberts filed a notice of appeal and sought a certificate of appealability to appeal the district court's procedural ruling. A single judge of this court construed Roberts's application as one seeking a certificate of probable cause to appeal, which the judge granted. We now know that the judge should not have reconstrued the application, *see Slack v. McDaniel,* --- U.S. ----, 120 S.Ct. 1595, 1600, --- L.Ed.2d ---- (2000), and as a panel we reconsider the application. Taking Roberts's allegations as true—as we must, since there was no evidentiary hearing and the State has not introduced the trial record to contradict him—we conclude that Roberts's claim of ineffective assistance of trial counsel has enough arguable merit (at least on the present

---

was based,

(b) he did not call Roberts's codefendant's sister to testify to Roberts's innocence,

(c) he did not communicate before trial, and

(d) he did not object to prosecutorial misconduct;

(2)  The court permitted the jury to convict on evidence not presented because it did not explain the post-verdict polling process to the jury;

(3)  Appellate counsel rendered ineffective assistance for failing to raise issues urged by Roberts;

(4)  A detective, testifying to the jury, prejudicially paraphrased Roberts's voluntary statement; and

(5)  The indictment was not endorsed "a true bill" by the grand jury foreperson.

Roberts asserts two other "claims" that are simply arguments that the state Rule 32 courts erred in their rulings.

Roberts appears to have written his application for a certificate of appealability under the mistaken belief that he has asserted in federal court all of the claims that he raised in his Rule 32 proceedings. He has not, at least according to his petition; we list only the claims raised in the petition.

**4**

record) for reasonable jurists to debate.[4]  We conclude, moreover, that jurists of reason could debate whether Roberts's failure to ensure transmission of the record, given the trial clerk's having twice sent notice to Roberts certifying that the record in fact had been completed and transmitted to the appellate courts, is an unexcused procedural default.  We therefore grant Roberts a certificate of appealability to consider whether his claims are procedurally barred because of the inadequacy of the record presented to the Alabama Court of Criminal Appeals.  This is an issue of law, which we review de novo.  *See Provenzano v. Singletary,* 148 F.3d 1327, 1330 (11th Cir.1998).

*Discussion*

Roberts does not dispute that insufficiency of the appellate record is a regularly applied procedural default under Alabama law and actually relied upon here.  It thus remains only to determine if Roberts has satisfied either of the two exceptions to the independent-and-adequate-state-ground doctrine that bars relief on his claims:  cause for the default and prejudice from it, or actual innocence.  *See Wainwright v. Sykes,* 433 U.S. 72, 89-91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977)*;  Holladay v. Haley,* 209 F.3d 1243, 1254 (11th Cir.2000).  Roberts does not argue that he is actually innocent of the crime, so we have only cause and prejudice to consider.

"Cause" exists when "some objective factor external to the defense impeded counsel's [or here, petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene,* 527 U.S. 263, 119 S.Ct. 1936, 1949 n. 24, 144 L.Ed.2d 286 (1999) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).  Since the clerk twice certified the record had been completed and transmitted, we can only speculate, based on the record before us, as to the reasons that the Court of Criminal Appeals had before it only part of the Rule 32 proceedings in circuit court.  Perhaps the clerk sent out the certificates but

---

[4]We have not evaluated the merits of any of the other claims;  as long as reasonable jurists would find the merits of at least one procedurally barred claim to be debatable, we may move on and weigh the merits of the petitioner's procedural argument to determine if it satisfies the COA standard. *See Slack,* 120 S.Ct. at 1604 ("[A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states *a* valid claim of the denial of a constitutional right ....") (emphasis added).

did not deliver all of the record to the appellate court. Perhaps the court of appeals dismissed the first appeal for want of jurisdiction and returned the record to the trial court,[5] but there is no indication in our record that this happened, or more importantly that Roberts was notified that part of the Rule 32 record had been returned. Or maybe clerical error was to blame: the appeals were consolidated without concomitant combination of their records, or the first appeal fell through the cracks and disappeared.

Whatever the reason for this default, the important point is that there is nothing in the record to suggest that *Roberts* was responsible for whatever the problem was with the record in the state appellate court. To the contrary, the record shows that Roberts had certificates from the clerk certifying that the record had been completed and transmitted. The record also does not tell us, and the State does not argue, that Roberts knew or should have known that there was any problem in the form of the appellate record in the Court of Criminal Appeals. Having been advised by the clerk that the record had been forwarded, Roberts cannot be faulted for failure to inquire about transmission of the record. (The State suggests that after his appeal was dismissed for lack of a complete record, he could have filed a petition for rehearing before the Court of Criminal Appeals; but Roberts did, and it was denied.) Thus, whatever the origin of the procedural default, Roberts's appeal, under the particular facts here, "was frustrated through no fault of his own." *Alexander v. Dugger,* 841 F.2d 371, 374 (11th Cir.1988). Roberts thus has cause to excuse his default. *See id.*

The question still remains, however, whether Roberts can establish that he was prejudiced. To answer this question, the merits of Roberts's ineffective assistance claims must be evaluated, as this circuit has required a petitioner to show that "the errors at trial [giving rise to the constitutional claim] actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Baldwin v. Johnson,* 152 F.3d 1304, 1319 (11th Cir.1998) (quoting *McCoy v. Newsome,* 953 F.2d 1252, 1261 (11th Cir.1992) (in

---

[5]We have not been able to determine whether the Court of Criminal Appeals considers itself to have jurisdiction to consider interlocutory appeals from partial judgments on Rule 32 petitions. It is plain, however, that some form of the final judgment rule applies to Rule 32 petitions. *See Lawton v. State,* 723 So.2d 826, 827 (Ala.Crim.App.1998).

turn citing *Murray v. Carrier,* 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986))); *see also*

*Alexander,* 841 F.2d at 374 (implicitly requiring petitioner to demonstrate that counsel's ineffective assistance

claims had merit). The district court did not find cause to excuse Roberts's procedural default, and, therefore,

the district court did not separately address whether Roberts had established prejudice. Because the district

court did not explicitly address this issue, we decline to do so here, preferring that the district court address

it in the first instance. *See Beavers v. American Cast Iron Pipe Co.,* 975 F.2d 792, 800 (11th Cir.1992).

*Conclusion*

For the foregoing reasons, we vacate the district court's denial of Roberts's § 2254 petition and

remand for further proceedings not inconsistent with this opinion.

VACATED and REMANDED.