[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 22, 2008
THOMAS K. KAHN
CLERK

No. 07-14288
Non-Argument Calendar
_____

D. C. Docket No. 07-01495-CV-T-26MAP

CHARLES H. COHENS,

                                        Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 22, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Florida prisoner Charles Cohens, proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. Cohens asserted two claims in his petition, conceding that one of the claims was procedurally defaulted, but arguing it would be a fundamental miscarriage of justice for the district court not to address the merits of the claim because the default resulted from his ineffective counsel. The day after the petition was filed, the district court *sua sponte* dismissed the petition without prejudice because Cohens did not demonstrate he had exhausted his state remedies before filing for habeas relief in federal court. Cohens asserts his case should be remanded to the district court so it can hold an evidentiary hearing to consider both of his original claims.

Whether a § 2254 petitioner has exhausted his state remedies is a mixed question of law and fact that we review *de novo*. *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990). By statute, no federal court may grant a state prisoner's application for a writ of habeas corpus unless, among other things, the applicant "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

A mixed habeas petition, containing both exhausted and unexhausted claims, should be dismissed without prejudice to allow the petitioner to either exhaust state remedies, bring a new petition presenting only the exhausted claims,

2

or amend the petition to remove any unexhausted claims. *Rose v. Lundy*, 102 S. Ct. 1198, 1203-1205 (1982). However, a claim that is procedurally barred in state court because it never was properly raised should not be dismissed for failure to exhaust state remedies, but rather, should be held procedurally barred in federal court unless the petitioner can show (1) cause for the default and actual prejudice; or (2) the failure to consider the claim would result in a fundamental miscarriage of justice. *See Gray v. Netherland*, 116 S. Ct. 2074, 2080 (1996); *Wainwright v. Sykes*, 97 S. Ct. 2497, 2508-09 (1977). Where the district court did not explicitly address the issue of cause and prejudice, we might decline to do so upon review, "preferring that the district court address it in the first instance." *Roberts v. Sutton*, 217 F.3d 1337, 1341 (11th Cir. 2000).

The district court erred by *sua sponte* dismissing Cohens' petition because it did not have a record of Cohens's state cases, and it did not hear from the State regarding exhaustion of state remedies. *See Davis v. Dugger*, 829 F.2d 1513, 1521 (11th Cir. 1987) (concluding the district court erred when it dismissed a habeas petition "for failure to exhaust state remedies before the state responded and either set out an exhaustion defense or waived exhaustion"). Cohens asserted he had exhausted his state remedies regarding the first of his two claims, which the state did not challenge prior to the district court's dismissal. He conceded his second

3

claim was not exhausted in state court and was procedurally barred, but he argued (1) cause and prejudice, based on his appellate counsel's ineffective assistance in failing to bring the claim to the state courts on direct appeal; and (2) that a fundamental miscarriage of justice would result if the district court did not consider his claim because his was actually innocent. Accordingly, Cohens attempted to overcome the procedural default on the second claim so that the district court could address its merits. Although Cohens' petition was "mixed," because it presented both exhausted and unexhausted claims, the appropriate remedy was not summarily to dismiss the petition; rather, the district court should have considered whether Cohens met either of the exceptions to the procedural default doctrine in order to determine whether his second claim was procedurally barred in federal court. Accordingly, we vacate and remand so the district court can determine the factual issues regarding: (1) whether Cohens exhausted his state law remedies as to each claim; and (2) if not, whether he can overcome the procedural default of his claims.

**VACATED AND REMANDED.**