[Cite as *State v. Kendall*, 2025-Ohio-2394.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

MARK KENDALL,

    DEFENDANT-APPELLANT.

CASE NO. 17-24-17

OPINION AND
JUDGMENT ENTRY

Appeal from Shelby County Common Pleas Court
Criminal Division
Trial Court No. 24CR000185

**Judgment Affirmed**

**Date of Decision: July 7, 2025**

APPEARANCES:

    *Jim R. Gudgel* **for Appellant**

    *Michael P. Doyle, Jr.* **for Appellee**

**WALDICK, P.J.**

{¶1} Defendant-appellant, Mark Kendall ("Kendall"), brings this appeal from the December 2, 2024 judgment of the Shelby County Common Pleas Court sentencing him to 36 months in prison. On appeal, Kendall argues that his sentence was not clearly and convincingly supported by the record, and that his trial counsel was ineffective for failing to request a competency evaluation. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On August 1, 2024, Kendall was indicted for Burglary in violation of R.C. 2911.12(A)(2), a second degree felony. Pursuant to a negotiated plea agreement, Kendall pled guilty to the amended charge of Attempted Burglary in violation of R.C. 2923.02 and R.C. 2911.12(A)(2), a third degree felony. As part of the agreement, the parties jointly recommended that Kendall be sentenced to community control.

{¶3} The jointly recommended sentence was imposed on October 10, 2024. As part of his community control sanctions, Kendall was required to be accepted into, and successfully complete treatment at the WORTH Center or another community-based correctional facility ("CBCF"). Kendall was notified that if he violated the terms and conditions of his community control, he could face up to 36 months in prison.

{¶4} On November 13, 2024, Kendall was unsuccessfully terminated from the WORTH center. The next day, a motion was filed alleging Kendall had violated his community control.

{¶5} On December 2, 2024, the trial court held a hearing wherein multiple witnesses provided testimony that Kendall was involved in a fight at the WORTH Center, which was a no-contact facility. Kendall was found choking another resident that Kendall had pinned up against a window. Kendall was also punching the man. In addition, Kendall threatened to kill the man. When an employee attempted to stop the fight, Kendall did not relent. Due to the physical altercation and Kendall's failure to comply with the order to stop, he was unsuccessfully terminated from the WORTH center.

{¶6} Kendall's attorney cross-examined the witnesses about the fact that Kendall had been taking a drug called "Seroquel" for his mental health prior to going to the WORTH center, but the drug was not permitted at the WORTH center so Kendall agreed to stop taking it. Kendall had indicated that he actually "preferred to not have it and would gladly go to the WORTH center and not take it." (Tr. at 21). Kendall was given the option to substitute the medication, or attend another CBCF. No evidence was presented regarding how being off the medication would impact Kendall.

{¶7} Based on the evidence presented, the trial court determined that Kendall had violated his community control. The trial court proceeded immediately to

sentencing and imposed a 36-month prison term. A judgment entry memorializing Kendall's sentence was filed that same day. It is from this judgment that Kendall appeals, asserting the following assignments of error for our review.

**First Assignment of Error**

**The trial court's imposition of a maximum sentence is not clearly and convincingly supported by the record.**

**Second Assignment of Error**

**The trial counsel was ineffective in that she did not request a competency evaluation of the Defendant.**

*First Assignment of Error*

{¶8} In his first assignment of error, Kendall argues that his sentence was not clearly and convincingly supported by the record.

Standard of Review

{¶9} Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶10}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 9 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable sentencing policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 2020-Ohio-5572, ¶ 10 and 14 (3d Dist.); *State v. Maggette*, 2016-Ohio-5554, ¶ 31 (3d Dist.).

**{¶11}** In considering R.C. 2929.11 and 2929.12 as they relate to felony-sentencing appeals, the Supreme Court of Ohio has further limited appellate review by holding that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12," and subdivision (b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 31, 34, 39 ("an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)"). Thus, R.C. 2953.08(G)(2) does not allow "an appellate court to independently weigh the evidence in the record

and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42; *see also State v. Bryant*, 2022-Ohio-1878, ¶ 22. However, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law," and claims that raise those "types of issues are therefore reviewable." *Bryant* at ¶ 22 (finding the trial court increased the sentence based on an impermissible consideration).

### Analysis

{¶12} Kendall argues that his maximum prison sentence in this case was not supported by the record. Specifically, he argues that he was not "competent" to be in the program at the WORTH Center without his prescribed medications.

{¶13} At the outset, we emphasize that there is no actual evidence in the record to support Kendall's claim that he was not "competent" to be in the WORTH program. There is, however, evidence that Kendall committed a violent act while on community control and that he threatened to kill another resident.

{¶14} In this case, Kendall entered into a negotiated plea agreement that reduced his second-degree felony to a third-degree felony. He was provided an opportunity to comply with community control sanctions in lieu of going to prison, but he violated his community control by committing a violent act and by continuing to commit that violent act after he was ordered to stop.

{¶15} In its sentencing entry, the trial court stated as follows:

> The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12.

(Doc. No. 96). The trial court's entry reflects clear consideration of the appropriate statutes and factors. In addition, the prison term is within the appropriate statutory range. *See* R.C. 2929.14.

**{¶16}** Simply put, Kendall has not produced any evidence or cited to any compelling legal authority to meet his burden to show that the trial court's sentence was clearly and convincingly contrary to law. *See State v. Houtz*, 2025-Ohio-1008, ¶ 22 (3d Dist.). Therefore, his first assignment of error is overruled.

*Second Assignment of Error*

**{¶17}** In his second assignment of error, Kendall argues that he received ineffective assistance of trial counsel. Specifically, he contends that his counsel was ineffective for failing to request a competency evaluation.

Standard of Review

**{¶18}** To prevail on a claim that counsel was ineffective for failing to seek a competency evaluation, the defendant "must show that his counsel failed to perform an adequate investigation of his possible incompetence." *State v. Lawson*, 2021-Ohio-3566, ¶ 101. Counsel will not be found ineffective for failing to request a competency evaluation "when the defendant does not display sufficient indicia of

incompetency to warrant a competency hearing." *Id.* at ¶ 95. Moreover, to show prejudice for purposes of a claim of ineffective assistance, the defendant must show that there is a reasonable probability that an evaluation " 'would have revealed that he was incompetent to stand trial.' " *Id.* at ¶ 104, quoting *Alexander v. Dugger*, 841 F.2d 371, 375 (11th Cir. 1988).

Analysis

{¶19} Kendall argues that his trial counsel was ineffective for failing to seek a competency evaluation in the trial court. He contends that he had previously been in a psychiatric hospital and that he was on psychiatric medication.

{¶20} Importantly, the Supreme Court of Ohio has clarified that "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity" and that "[a] defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110 (1986).

{¶21} At best, the record reflects that Kendall may have had some mental health issues. There is no evidence whatsoever to support a finding that Kendall was incompetent. In fact, "a state may presume that a defendant is competent to be tried and may require him to prove his incompetence by a preponderance of the evidence." *State v. Jordan*, 2004-Ohio-783, ¶ 28, citing *Medina v. California*, 505 U.S. 437, 445–446 (1992). A trial counsel is not ineffective for failing to request a competency evaluation when the defendant does not display "sufficient indicia of

incompetency to warrant a competency hearing." *State v. Edwards*, 2023-Ohio-4173, ¶ 16 (12th Dist.), citing *Lawson*, *supra*, at ¶ 95. As there is no evidentiary support for Kendall's claims, his second assignment of error is overruled.

*Conclusion*

**{¶22}** Having found no error prejudicial to Kendall in the particulars assigned and argued, his assignments of error are overruled and the judgment of the Shelby County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

**/jlm**

Case No. 17-24-17

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

Juergen A. Waldick, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:
/jlm

-10-