USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 96-1045 UNITED STATES OF AMERICA, Appellant, v. BRIAN A. PETTIFORD, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Aldrich and Bownes, Senior Circuit Judges. _____________________ ____________________ James C. Rehnquist, Assistant United States Attorney, with whom ___________________ Donald K. Stern, United States Attorney, was on brief for appellant. _______________ George F. Gormley with whom John D. Colucci and Gormley & Colucci _________________ _______________ _________________ were on brief for appellee. ____________________ November 25, 1996 ____________________ ALDRICH, Senior Circuit Judge. In March 1991 ______________________ appellee Brian A. Pettiford (hereinafter defendant) was convicted of being a felon-in-possession of a firearm in violation of 18 U.S.C. 922(g)(1). Because he had nine prior state convictions for violent felonies, he received a minimum mandatory sentence of fifteen years pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e)(1). In 1994, all but one of the prior convictions were vacated by the Massachusetts state courts, and in 1995 the district court granted federal habeas corpus relief under 28 U.S.C. 2255 in the form of a sentence reduction, on the ground that the ACCA was now inapplicable to the computation. On the government's appeal, we affirm. I. Background __________ Approximately two years after his federal sentencing, defendant requested audiotapes of his earlier guilty pleas and sentencings in Boston Municipal Court and Dorchester District Court. He was unsuccessful in obtaining useful tapes, post, and subsequently attempted to reconstruct ____ the proceedings through the use of affidavits. Ultimately, the courts vacated eight of the nine convictions. The Boston Municipal Court judge, finding no record that the trial judge had engaged in any colloquy with the defendant at the time of his guilty plea, vacated the convictions on the ground that the Commonwealth had failed to carry its burden of producing -2- a "contemporaneous record affirmatively [showing] that the defendant waived his rights voluntarily and knowingly," as required under the federal Constitution and Massachusetts law. The Dorchester District Court apparently did the same. On the habeas petition, our district court, taking what would, initially, seem to us the equitable view, granted the relief and resentenced defendant to the term served, four and one half years. The government appeals, and with indignation: the state action had been a "windfall;" the government had been "sandbagged." In view of the fact that the mandatory enhancement was based entirely upon the state's action in convicting,1 and not simply a case where enhancement is permitted for charges with no findings, see, e.g., U.S.S.G. ___ ____ 4A1.3(e), to complain of state windfalls and government sandbagging is strong language. The government criticizes  ____________________ 1. 18 U.S.C. 924(e)(1) reads: In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g). -3- the state's procedure as if the vacated convictions were federal property, and the defendant as if he were attempting a trespass. We are induced to start with the opposite approach. First, however, we must consider a Supreme Court case, United States v. Custis, 511 U.S. 485, 114 S. Ct. 1732 _____________ ______ (1994), decided after the imposition of defendant's original sentence and its affirmance on appeal, United States v. _____________ Pettiford, 962 F.2d 74 (1st Cir. 1992). _________ II. United States v. Custis _______________________ In May 1994, the Supreme Court in Custis held that ______ under 924(e), unless a defendant in a federal sentencing proceeding was claiming a violation of his right to counsel, he had no right at that time to make a collateral attack on prior state convictions. 114 S. Ct. at 1738. Rather, the Court observed at the end of the opinion, We recognize, however, as did the Court of Appeals . . . that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under 924(e), may attack his state sentences in Maryland or through federal habeas review. See ___ Maleng v. Cook, 490 U.S. 488 (1989). If ______ ____ Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application. Id. at 1739. The district court, noting this dicta, held, in ___ an extensive opinion, Pettiford v. United States, 1995 WL _________ _____________ 464920 (D. Mass. 1995), that defendant's enhanced federal -4- sentence was now in violation of the Constitution. The government has a variety of objections. III. Jurisdiction ____________ The district court concluded from the Custis dicta ______ that 2255 was the appropriate vehicle by which to proceed. The government objects on the ground that this section applies only to prisoners incarcerated "in violation of the Constitution or laws of the United States." While we believe, post, that defendant has such a claim, the ____ government's attempt to limit the availability of 2255 that permeates its case, is surprising. Section 2255 reads as follows: A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that [1] the sentence was imposed in violation of the Constitution or laws of the United States, or that [2] the court was without jurisdiction to impose such sentence, or that [3] the sentence was in excess of the maximum authorized by law, or [4] is otherwise __________________ subject to collateral attack, may move ______________________________ the court which imposed the sentence to vacate, set aside or correct the sentence . . . . (emphasis supplied.) Item 4 stands by itself sufficiently without our having to resort to the familiar principle that additional language is presumably separately meaningful rather than redundant. Indeed, we have previously held that the fourth prong of 2255 encompasses other than constitutional or statutory error. See, e.g., United States ___ ____ _____________ -5- v. DiRusso, 548 F.2d 372, 374-75 (1st Cir. 1976) (noting that _______ 2255 is often a vehicle for correcting sentences based upon errors made by the sentencing judge). However, whether on constitutional or grounds otherwise subject to collateral attack, we concur with the district court's recognition of federal habeas jurisdiction. IV. Timing of Determination of Criminal History ___________________________________________ 18 U.S.C. 921(a)(20), the statute hereto appertaining, provides in relevant part: What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter . . . . The government contends that the past tense phrases "has been expunged" and "has been pardoned," indicate that only past offenses vacated prior to the federal proceeding may be discounted by the court, in effect etching the defendant's criminal history record in stone as of that moment. We do not agree. The wording would read equally well if applied to convictions expunged, etc., subsequent to the federal sentencing. Thus with the rule of lenity, see United States v. ___ _____________ Boots, 80 F.3d 580, 588 (1st Cir. 1996), cert. denied, 117 S. _____ ____________ Ct. 263, 65 U.S.L.W. 3265 (U.S. Oct. 07, 1996) (No. 96-5631), -6- the government is on the short end. And with the procedural rule announced in Custis, that it is only after sentence that ______ a defendant may attack the convictions that contributed to it, what sense would it make to say that he may attack pre- sentence convictions, but not one whose flaw did not appear until after the federal sentence? Obviously this is the situation every time it is defendant who establishes the flaw. The district court was correct. United States v. Cox, _____________ ___ 83 F.3d 336 (10th Cir. 1996). See also United States v. ___ ____ ______________ Bacon, 94 F.3d 158, 162 n.3 (4th Cir. 1996); Young v. Vaughn, _____ _____ ______ 83 F.3d 72, 77 (3d Cir.), cert. denied, 117 S. Ct. 333, 65 ____________ U.S.L.W. 3285 (U.S. Oct. 15, 1996) (No. 96-217); United ______ States v. Hofierka, 83 F.3d 357, 364 (11th Cir.), modified on ______ ________ ___________ other grounds on denial of reh'g, 92 F.3d 1108 (11th Cir. __________________________________ 1996). No circuit has indicated otherwise. V. Basis for Vacation of State Convictions _______________________________________ As we have said, defendant's motions to vacate the state convictions were based on the ground that he had not been furnished by the courts, before accepting his guilty pleas, the information necessary for his pleas to be considered voluntary, a constitutional requirement. See ___ Boykin v. Alabama, 395 U.S. 238, 242-43 (1969); United States ______ _______ _____________ v. Houlihan, 92 F.3d 1271, 1279 (1st Cir. 1996). For the ________ Boston Municipal Court cases there were no records, presumably because more than two and a half years had elapsed -7- since the plea and they had been destroyed pursuant to permissive Rule 211A(4). In the Dorchester District Court there were tapes, but they were unintelligible. One court demonstrably, and the other apparently, applied the Massachusetts rule that the burden is on the state to show the voluntariness of the plea, Commonwealth v. Duquette, 386 ____________ ________ Mass. 834, 841 (1982), and granted the motions to vacate. This distresses the government, evoking the charges of windfalls and sandbagging.2 It makes an elaborate argument, based on the fact that the state courts could have applied a presumption of correctness and found the plea hearings valid, see Parke v. Raley, 506 U.S. 20, 31 (1992), ___ _____ _____ and that the Massachusetts courts did not go so far as to hold the convictions unconstitutional. Putting aside the fact that the Boston Municipal Court judge specifically found a Boykin violation, we do not attach consequences to such ______ recondite thinking. The short answer is that Congress chose to predicate sentence enhancement on state action. Surely it is not for the federal court to read the statutory language, "in accordance with the law of the jurisdiction in which the  ____________________ 2. See illuminating discussion in United States v. Payne, ______________ _____ 894 F. Supp. 534, 537 n.7 (D. Mass. 1995). The one year limitation contained in the recent amendment of 2255 will diminish this problem. See the Antiterrorism and Effective ___ Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1220 (April 24, 1996). -8- proceedings were held" as permitting us to conclude that the Massachusetts lower court decisions were wrongly decided. The government makes a further point. Before Custis, it was permissible for a defendant to raise the ______ invalidity of his state convictions at the time of his federal sentencing. United States v. Paleo, 967 F.2d 7, 11 ______________ _____ (1st Cir. 1992). Because the defendant did not do so, the government attempts to invoke the rule of cause and prejudice. See Coleman v. Thompson, 501 U.S. 722, 750 ___ _______ ________ (1991). It presses this particularly because, federalwise, the burden would have been on the defendant to prove an inadequate plea colloquy, see United States v. Wilkinson, 926 ___ _____________ _________ F.2d 22, 28 (1st Cir.), cert. denied, 501 U.S. 1211 (1991), ____________ overruled on other grounds by Bailey v. United States, ___ ______________________________ ______ ______________ U.S. ___, 116 S. Ct. 501, 509 (1995), and having no memory on the subject one way or the other, he would have had no proof. Our reaction is the opposite of the government's. With no memory there was no affirmative waiver. Exceptional circumstances may excuse a delayed making of a claim, Knight ______ v. United States, 37 F.2d 769, 773 (1st Cir. 1994), and ______________ ignorance may be a factor. Even if Custis is not regarded as retroactive, it ______ indicates the acceptability of this post-sentence proceeding. We are content to recognize the district court's discretion.  Affirmed. _________ -9-