USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2408

 AEDAN C. MCCARTHY, a/k/a JAMES LEE HARDIMAN,
 a/k/a JOHN EDWARD PERRY,

 Petitioner, Appellant,

 v.

 UNITED STATES OF AMERICA,

 Respondent, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. D. Brock Hornby, U.S. District Judge]

 Before

 Selya, Stahl and Lynch,
 Circuit Judges.
 
 

 Aedan McCarthy on brief pro se.
 Jay P. McCloskey, United States Attorney and Margaret D.
McGaughey, Assistant United States Attorney on brief for appellee.

December 18, 1998

 
 

 
 Per Curiam. Petitioner Aedan C. McCarthy was convicted of
bank robbery and firearms offenses and sentenced as an armed career
criminal. See U.S.S.G. 4B1.4 (1993). We affirmed his
convictions and sentence. United States v. McCarthy, 77 F.3d 522
(1st Cir.), cert. denied, 117 S. Ct. 479 (1996).
 McCarthy now appeals the district court's denial of his
subsequent motion, filed pursuant to 28 U.S.C. 2255, only insofar
as the district court refused to hold his 2255 motion in abeyance
while McCarthy seeks to vacate prior convictions in state courts
that were the basis for his sentence as an armed career criminal. 
Although that 2255 motion raised claims about his federal
convictions, which were resolved by the district court and are no
longer pursued by McCarthy, McCarthy, in addition, sought to raise
an, as yet, unripe claim regarding his status as an armed career
criminal. Concerned about the one year period of limitation in 
2255 imposed by the Antiterrorism and Effective Death Penalty Act
of 1996, Pub. L. No. 104-132, tit. I, 105 (1996), McCarthy
included this unripe claim in his 2255 motion, but asked the
court to hold his motion in abeyance pending the outcome of his
state court collateral attacks.
 We find no abuse of discretion in the district court's refusal
to hold the 2255 motion in abeyance. In the event that McCarthy
succeeds in vacating his state court convictions, his contention
that the Armed Career Criminal Act (ACCA) is inapplicable to him
would become ripe. It would appear that, in that event and at that
time, he could seek to reopen this 2255 proceeding and obtain a
 
district court adjudication of that previously-raised claim. See
Stewart v. Martinez-Villareal, 118 S. Ct. 1618, 1621-22 (1998)
(holding that a claim presented in a first habeas petition and
dismissed as premature could be adjudicated once it became ripe
under the same standard as would govern claims made in a first
petition); see also United States v. Pettiford, 101 F.3d 199 (1st
Cir. 1996) (holding that once a defendant succeeds in vacating
underlying state court convictions, the ACCA is no longer
applicable to the defendant's federal sentencing computation and he
is entitled to be resentenced).
 The judgment of the district court is, therefore, affirmed.