[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/17/99
THOMAS  K. KAHN
CLERK**

No. 98-9244

D. C. Docket Nos. 1:97-CV-1722-GET
and 1:94-CR-411-1

UNITED STATES OF AMERICA,

Petitioner-Appellee,

versus

ZACHERY WALKER,

Respondent-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

**(December 17, 1999)**

Before ANDERSON, Chief Judge, and HILL, Senior Circuit Judge, and COOK*,
Senior District Judge.

---

*Honorable Julian Abele Cook, Jr., Senior U. S. District Judge for the Eastern District of Michigan,
sitting by designation.

PER CURIAM:

This appeal presents a single important issue of first impression in this circuit. Can a federal prisoner, by filing a habeas corpus petition pursuant to 28 U.S.C. § 2255, challenge, reopen and reduce his federal sentence, enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after one of his three predicate state court convictions has been vacated in a state habeas action? To date, seven of our sister circuits have held or indicated (without expressly deciding) that he can. Unwilling to create a split with such a majority, we also agree that he can.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Appellant Zachary Walker, a convicted felon, was indicted in 1994 in a one-count indictment for knowingly possessing a .380 caliber pistol in violation of 18 U.S.C. § 922(g)(1). In 1995, he was convicted by a jury and sentenced under the ACCA and the Sentencing Guidelines, USSG § 4B1.4, to 188 months' imprisonment.[1] This court affirmed Walker's conviction and sentence in a 1996 unpublished opinion. *United States v. Walker*, 89 F.3d 856 (11th Cir. 1996). His petition for writ of

---

**[1] In 1997, Walker first filed a motion to vacate his sentence under Section 2255, alleging that the district court's application of the ACCA and the Sentencing Guidelines was based upon an unconstitutionally-obtained state claim. The government responded, advising the court that Walker's claim was not yet ripe. They claimed he did not have a cognizable claim to litigate as, in 1997, the state conviction had not yet been set-aside. The district court agreed. In 1998, it entered judgment against Walker.**

certiorari with the Supreme Court was denied, also in 1996. *Walker v. United States,* 117 S.Ct. 332 (1996).

In 1998, a state court judge held an evidentiary hearing on the 1979 voluntary manslaughter conviction.[2] Walker's counsel had suggested that the state judge evaluate the plea colloquy taken at the time of that conviction on the guilty plea.[3] Other than Walker, none of the parties at the 1979 hearing were present at the 1998 hearing. The state did not present any evidence. Walker presented evidence to support his contention that he had not been apprised of the elements of the manslaughter offense. Upon the conclusion of this uncontested proceeding, the state court vacated Walker's 1979 conviction, concluding that he had not entered a voluntary and knowing plea based on a sufficient factual basis. *Boykin v. Alabama*, 89 S.Ct. 1709 (1969).

Then Walker, pursuant to Section 2255 and Fed.R.Civ.P. 60(b), moved for relief from his 1998 ACCA federal sentence, requesting that the district court vacate the enhanced sentence as one of his three state predicate convictions now had been

---

[2] Years before, Walker had served his state confinement.

**[3] The transcript of the 1979 plea colloquy reads that Walker was asked by his attorney, "Are you, in fact, guilty of shooting one Johnny Lemans?", and Walker responded, "Yes." When asked by the judge, " . . . [D]o you, Zachary Walker, understand the nature of this case charging you with voluntary manslaughter . . .?", and Walker responded, "Yes, sir."**

vacated.[4] The district court ordered a new PSI be prepared and re-computed without reference to the 1979 conviction. It then granted Walker's Section 2255 petition. The government, having had no part to play in the state proceeding, now appeals.

## II. STANDARD OF REVIEW

In a Section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard. *See Tannebaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III. DISCUSSION

In *Custis v. United States*, 114 S.Ct. 1732 (1994), the Supreme Court held that under Section 924(e), unless a defendant in a federal sentencing proceeding was claiming a violation of his right to counsel, he had no right at that time to make a collateral attack on prior state convictions. *Id.* at 1738. The Court stated:

> We recognize, however, as did the Court of Appeals . . . that Custis, who was still "in custody" for purposes of his state convictions at the time of his federal sentencing under § 924(e), may attack his state sentences in Maryland or through federal habeas review. *See Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). **If Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application.**

---

**[4] This was ninety-three days after the initial Section 2255 petition had been denied. Since less than one year had passed between the denial of the petition for writ of certiorari and the filing of the petition, less the time the statute was tolled when the petition was pending, the statute of limitations was not violated. 28 U.S.C. § 2255.**

*Id.* at 1739.  (Emphasis added.)

The district court concluded from this highlighted *Custis* dicta that Section 2255 was the appropriate vehicle by which to proceed.[5]  As Walker had been successful in attacking one of his state sentences, the district court granted his Section 2255 petition, and reopened and reduced his ACCA federal sentence.

Since *Custis* was decided in 1994, seven other circuits, all that have considered the issue, have also held, or indicated without expressly deciding, that pursuant to federal habeas corpus, a district court may reopen and reduce a federal sentence, once a federal defendant has, in state court, successfully attacked a prior state conviction, previously used in enhancing the federal sentence.  *See United States v. Pettiford*, 101 F.3d 199, 201 (1st Cir. 1996)*; United States v. Cardozo*, 129 F.3d 6 (1st Cir. 1997); *Young v. Vaughn*, 83 F.3d 72 (3d Cir. 1996); *United States v. Bacon*, 94 F.3d 158, 162 n.3 (4th Cir. 1996)(citing *Custis,* and stating that "if Bacon succeeds in a future collateral proceeding in overturning his robbery conviction, federal law enables him then to seek review of any federal sentence that was enhanced due to his state conviction"); *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994); *United States*

_____

[5] Under Section 2255, a federal prisoner may file a motion to vacate or correct a federal sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to imposed such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255.

5

*v. Rogers*, 45 F.3d 1141, 1143 (7th Cir. 1995)(citing *Custis*, and observing that if Rogers wants to challenge his juvenile convictions, he must do so in the state courts of Indiana or by way of federal habeas corpus); *Clawson v. United States,* 52 F.3d 806, 807 (9th Cir. 1995)(citing *Custis*, and suggesting that if a defendant succeeds on appeal from state court conviction, not final at the time of his federal sentencing, "he should then petition to reopen his sentence"); *United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996); *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994)(citing *Custis*, and noting that defendant could apply for reopening of sentence as a career offender after successfully attacking a predicate conviction on a writ of habeas corpus). We agree and follow suit.[6]

## IV. CONCLUSION

The order of the district court is AFFIRMED.

---

[6] Our decision aligns with this circuit's indication in *United States v. Hofierka*, 83 F.3d 357, 364 (11th Cir. 1996)(citing *Custis*, and stating that if defendant's "conviction is reversed, he may seek appropriate modification of his supervised release revocation sentence at that time").

HILL, Senior Circuit Judge, specially concurring:

As the appellant government concedes, seven other circuits to consider this issue have either held or indicated, without expressly deciding, in appellee Walker's favor. We are impressed by the judgments of our sister circuits. The judges in those circuits have obviously given careful attention to the issue.

In this case, in 1995, the time of his original federal sentencing, Walker stood convicted of the 1979 voluntary manslaughter. He had long since served his time for this offense. Yet, as the government ably points out, in 1998, his state court collateral attack upon a nineteen-year old state manslaughter sentence was not contested by the state executives at hearing. The prosecutor showed no interest in the matter. The Assistant United States Attorney, representing the Chief Executive, the only real interested party, had no standing to appear and contest.

In reality, the 1998 evidentiary hearing on the plea colloquy was purely an uncontested proceeding, brought for no purpose other than to have an effect upon the United States Government's interest in seeing to the faithful execution of federal law. The trend in recent years has been to remove the federal judge as a participant in determining federal sentences. The application of Congressionally mandated Sentencing Guidelines provide mathematically computed sentences; charging discretion in prosecutors may well fix a sentence before indictment. The rule we

7

follow here removes the entire federal establishment from the fixing of federal sentences for repeat miscreants. A local attorney for a federal defendant can appear before a state jurist, not counseled by the state prosecutor, whose interest in a nineteen-year old case is at an end, and (presto!) obtain a reduction in a federal sentence.

Our sister circuits reach this result from their reading of the dictum in the opinion of the Supreme Court in *Custis v. United States*, 114 S.Ct. 1732 (1994). There, the Court held that a collateral attack on a prior state conviction could not be maintained in federal sentencing proceedings, but *obiter dicta*, remarked that "[i]f Custis is successful in attacking these state sentences, he may then apply for reopening of any federal sentence enhanced by the state sentences. We express no opinion on the appropriate disposition of such an application." *Id.* at 1739.

By observing that the attack could be *brought* then, the Court has persuaded seven (now eight) circuit courts of appeal that the Court said that *the defendant's right to bring the attack equaled winning it.* I am not so sure of my reading to *champion* it in the face of such institutional uniformity. If the Supreme Court did not intend what these courts of appeal feel that it did, the Court can correct that.

So we now join in putting the imprimatur of the federal judiciary upon this delegation of sentencing authority to such arrangements as may be arrived at between

a defendant's new lawyer and a state judge looking at a stale proceeding.  With this said, I join in the opinion, ruefully and with great reluctance.