# United States Court of Appeals
## For the First Circuit

No. 99-2181

WILFRED EVICCI,

Petitioner,

v.

COMMISSIONER OF CORRECTIONS,

Respondent.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

Wilfred Evicci on brief pro se.

September 22, 2000

Per Curiam.  Evicci was convicted after jury trial in a Massachusetts state court of rape, kidnapping and assault and battery.  The Massachusetts Appeals Court confirmed the convictions on February 2, 1999, and the Massachusetts Supreme Judicial Court (SJC) declined further appellate review on April 27, 1999.  Evicci then filed a petition for habeas corpus in the federal district court, which dismissed the petition on the ground that Evicci had failed to exhaust state remedies with respect to three of the four claims set forth in his petition.  See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Evicci now seeks a certificate of appealability ("COA") from us under 28 U.S.C. § 2253(c), which pertinently requires that an applicant make "a substantial showing of the denial of a constitutional right."

The district court's dismissal was based on the procedural bar of lack of exhaustion.  But in Slack v. McDaniel, 120 S. Ct. 1595, 1603 (2000), the Supreme Court held that an erroneous procedural ruling does not necessarily preclude an appellate court from considering whether a substantial showing has been made of the denial of a constitutional right.  Under Slack, we must look further.

Evicci did not present three of his four claims to the Massachusetts Appeals Court or to the SJC in his application for further review, and, in that sense, Evicci did not exhaust his

-2-

state remedies. But because the state courts would deem grounds not raised on the direct appeal to have been waived, Commonwealth v. Gagliardi, 418 Mass. 562, 638 N.E.2d 20 (1994), state remedies are no longer "available" within the meaning of § 2254(b)(1)(A). See O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999); Carsetti v. Maine, 932 F.2d 1007, 1012 (1st Cir. 1991). There are, to be sure, exceptions to the waiver rule under Massachusetts law, see, e.g., Commonwealth v. Graham, 431 Mass. 282, 287, 727 N.E.2d 51, 56 (2000), but Evicci does not fit within any of them. Lacking "cause" for failing to raise these three claims in state court, Evicci cannot now present them in federal court. See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); cf. Coleman v. Thompson, 501 U.S. 722, 748 (1991).

Ordinarily, we would now turn to Evicci's Sixth Amendment claim, which he did present in the state proceedings. It is in fact a two-part claim: Evicci asserts that his rights under the Confrontation Clause were violated by the trial court's refusal to allow his attorney fully to explore drug use on the part of the complaining witness; and he also asserts that the attorney provided inadequate assistance, in violation of his right to the effective assistance of counsel, by failing to formulate and act upon an internally consistent defense strategy. However, Evicci has not fully fleshed out his claims,

and the Commonwealth, in opposition in the district court, declined to address the merits of <u>any</u> of Evicci's claims because it relied solely on its lack of exhaustion rationale.

Although we could now call for memoranda from Evicci and from the Commonwealth to illuminate the strength of the Sixth Amendment claim, this would be an inefficient way to handle the matter. We are not only without the district court's assessment of the merits of the constitutional claim, but we also lack most of the instruments that would be available to the district court in making that assessment, including discovery, a possible evidentiary hearing, and a possible report and recommendation from a magistrate-judge. We do not even have before us a transcript of the trial.

A very literal reading of section 2253(c) might lead one to say that Evicci has therefore failed to justify the issuance of a COA. Yet, in <u>Slack</u> v. <u>McDaniel</u>, the Supreme Court took a practical approach to construing the statute and, after finding that a procedural bar did not apply, itself remanded for further development of the constitutional issue. Under the present circumstances, we think that we have the authority to grant the COA and to vacate the order dismissing the petition on a procedural ground we find erroneous, leaving it to the

district court to reconsider Evicci's Sixth Amendment claim.[1] If this claim is resolved on the merits adversely to Evicci, he may seek a COA in the district court and, failing that, in this court.

We would not hesitate to deny a COA if we were sure that the applicant had no reasonable basis for claiming that he had been denied a constitutional right. However, in this instance that branch of his claim based on the alleged limitations on counsel's opportunity to explore drug use might or might not have substance but, so far as it is explained, it is not frivolous on its face. If the inadequate assistance claim stood alone, we might say that the applicant failed to provide us enough information to make even a colorable showing, but, out of an abundance of caution, we think the district court ought to address both claims since the matter must go back in any event.

Nothing in this opinion is intended to suggest that the applicant has made out a constitutional claim so substantial that, had the claim had been rejected by the district court on the merits, we would necessarily have granted a COA. And it

---

[1]See Roberts v. Sutton, 217 F.3d 1337 (11th Cir. 2000); Jefferson v. Welborn, 2000 WL 862846 at *3 (7th Cir. June 29, 2000); Lambright v. Stewart, 2000 WL 1118937 (9th Cir. Aug. 4, 2000); Hernandez v. Caldwell, 2000 WL 1218361 (4th Cir. Aug. 28, 2000); cf. Hall v. Cain, 2000 WL 815463 (5th Cir. July, 2000).

remains possible that there are other procedural or substantive problems with the petition that the respondent may have asserted or may wish to assert on remand. However, since the procedural ruling cut short further proceedings and we think that ruling was mistaken, further development of the issues should be done in the first instance in the district court.

It is so ordered.