# United States Court of Appeals

## For the First Circuit

No. 02-1645

FELIX MATEO,
a/k/a Manuel Lluberes, Johnny Rodriguez,

Petitioner, Appellant,

v.

UNITED STATES OF AMERICA,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

Before
Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

James P. Bardsley and Law Office of Bardsley & Gray on Motion
Attacking the Sentence Imposed by this Court, Pursuant to Section
2255 of Title 28 of the United States Code for petitioner.
James P. Bardsley and Law Office of Bardsley & Gray on Motion
for the Issuance of a Certificate of Appealability Pursuant to
F.R.A.P. 22(b) and Loc. R. 22.1 for petitioner.
James P. Bardsley and Law Office of Bardsley & Gray on
Memorandum in Support of Motion for the Issuance of a Certificate
of Appealability Pursuant to F.R.A.P. 22(b) and Loc. R. 22.1 for
petitioner.
Michael J. Pelgro, Assistant United States Attorney, and
Michael J. Sullivan, United States Attorney, on Memorandum in
Opposition to Petitioner's Motion Under 28 U.S.C. § 2255 for the
United States.

November 7, 2002

**BOUDIN**, **Chief Judge**.  Mateo pled guilty, pursuant to a written plea agreement, to various federal drug related offenses. The district court found that Mateo's offenses occurred at a time when he was the subject of an outstanding state warrant for probation violation.  Under the Sentencing Guidelines, this equates to the commission of a federal crime while under sentence for another crime and raised Mateo's criminal history score and (in all likelihood) his ultimate federal sentence.  See U.S.S.G. §§ 4A1.1(d), 4A1.2(m).  After being sentenced, Mateo filed a notice of appeal and, while the appeal was pending, succeeded in obtaining a state court termination of the probation warrant nunc pro tunc to a time apparently before the alleged federal offenses.

On direct appeal, this court declined to consider the state court order.  United States v. Mateo, 271 F.3d 11 (1st Cir. 2001) ("Mateo I").  The court said that it was procedurally barred from addressing the nunc pro tunc order because, as the order was issued after the district court imposed its sentence, a proffer of the order was not made below.  Id. at 15.  The opinion continued, "[E]ven were we to consider the nunc pro tunc order, [Mateo] would not be advantaged," because under federal law "the district court takes the state-court record as it finds it."  Id. at n.4.

Mateo then petitioned under 28 U.S.C. § 2255 (2000), raising the same claim that was denied on direct appeal.  The section 2255 motion was denied by the district court, which felt

-2-

itself foreclosed under Mateo I from considering a collateral attack based on the vacated state warrant. Mateo now seeks a certificate of appealability ("COA") from this court under 28 U.S.C. § 2253 (2000).

Under section 2253, Mateo must make a "substantial showing of the denial of a constitutional right" before a COA can be granted. Here his habeas petition was denied based on the district court's interpretation of Mateo I's mandate, a non-constitutional ground. Thus, section 2253 would appear on its face to bar us from issuing a COA. However, the Supreme Court has held that the statute permits a COA to be granted where a supposed antecedent procedural bar prevented the district court from reaching the constitutional claim--if (1) the soundness of the procedural ruling is debatable, and (2) the constitutional claim is also colorable. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

The first requirement is easily met. The district court was right to be cautious; the mandate rule requires the district court to respect the appellate mandate. United States v. Rowe, 268 F.3d 34, 41-42 (1st Cir. 2001). But here the main holding in Mateo I does not apply because the state court order now is part of the record. As for the further comment quoted above--that Mateo would not be advantaged even had we considered the nunc pro tunc order--we think this meant only that the district court had not erred as the record before it stood; the court in Mateo I should

-3-

not be taken to have decided in a brief comment a very difficult set of substantive issues concerning the consequence of a post-sentencing vacation of a state sentence that affected the federal sentence.

Slack's second requirement--that there be a plausible constitutional claim before a COA can be granted--is a more serious problem for Mateo.  Let us assume arguendo (we will return to this issue) that the later vacation of the state order renders Mateo's federal sentence vulnerable in a section 2255 proceeding, even though the sentencing judge acted properly on the record before her.  Even so, it is hard to see why this raises a constitutional question, especially as Mateo makes no claim to us that the state court probation warrant was itself constitutionally defective.[1]

Why Congress chose to limit COAs to constitutional defects is not entirely apparent.  Cf. 28 U.S.C. § 2244(b)(2) (2000) (limiting second habeas petitions to new law or newly discovered evidence); Jamison v. United States, 244 F.3d 44, 47 (1st Cir. 2001).  Any assumption that constitutional claims are always critically important, and non-constitutional ones always less so, would not wash; there are Fourth Amendment claims that turn on whether an object sits in the glove compartment of a car or in the trunk, see, e.g., New York v. Belton, 453 U.S. 454, 460 n.4 (1981), and some non-constitutional rulings (say, a misreading of

---

[1]On the contrary, it appears that Mateo's claim in state court was that the warrant was defective under state law.

a guideline) that could double the time spent in jail.  Still, this is the line that Congress has drawn.

Nevertheless, Mateo does assert that he has a constitutional claim, and it may not have been properly developed <u>because</u> the government invoked, and the district court accepted, the mandate-bar argument.  Under these circumstances, the Seventh Circuit has adopted the view that, if the petitioner's constitutional claim does not appear utterly without merit after a "quick look," the COA can be granted and an incorrect procedural barrier removed, the matter then being remanded to give the district court first crack at the constitutional claim.  <u>Jefferson</u> v. <u>Welborn</u>, 222 F.3d 286, 289 (7th Cir. 2000); <u>accord</u> <u>Evicci</u> v. <u>Commissioner of Corrections</u>, 226 F.3d 26, 28 (1st Cir. 2000).

This is a variation on <u>Slack</u> and one not presented or endorsed in that case.  But the Seventh Circuit's approach reflects the same impulse as <u>Slack</u> to protect nascent constitutional claims; and it certainly does not bend the language of section 2253 any more than <u>Slack</u> itself.  Cases from our sister circuits look in the same direction.  <u>Gibson</u> v. <u>Klinger</u>, 232 F.3d 799, 802-03 (10th Cir. 2000); <u>Lambright</u> v. <u>Stewart</u>, 220 F.3d 1022, 1026-27 (9th Cir. 2000);  <u>cf.</u> <u>Hernandez</u> v. <u>Caldwell</u>, 225 F.3d 435, 438 (4th Cir. 2000); <u>Roberts</u> v. <u>Sutton</u>, 217 F.3d 1337, 1339-40 (11th Cir. 2000).

On remand, Mateo may attempt to develop his supposed constitutional claim or offer only a non-constitutional claim or

both. The prospect of a constitutional argument is needed to permit the COA to be granted; but once back in district court Mateo is free--on a first section 2255 motion--to proffer non-constitutional claims. Section 2255, which governs federal habeas, extends beyond constitutional claims. The critical language reads as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Admittedly, this language has been construed somewhat less generously than the words alone might suggest. The reference to "laws" and "otherwise subject to collateral attack" might at first seem to encompass any non-constitutional legal error, but the Supreme Court has limited claims of legal error--where neither a constitutional nor a jurisdictional claim is presented--to alleged errors that present "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428 (1962); accord David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). We have ourselves held that "a guideline violation alone is not automatically a basis for relief"

-6-

in a section 2255 proceeding.  Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002); see also Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. 1994).

On remand, the district court will be faced with formidably interesting issues, assuming that no superceding constitutional claim is developed.  Quite likely federal law controls the question whether the nunc pro tunc order of the Massachusetts court is to be given any effect for the purpose of the Sentencing Guidelines.[2]  Cf. Jamison, 244 F.3d at 48 (discussing the relevance of state vacations for federal sentencing); Fierro v. Reno, 217 F.3d 1, 6 (1st Cir. 2000) (applying federal law as to whether a state nunc pro tunc order is relevant for the purpose of citizenship status).  If it does, the answer then may depend on the ground on which the Massachusetts court acted.  U.S.S.G. §§ 4A1.2(j), 4A1.3; id. § 4A1.2 nn. 6 & 10. And, obviously, the government could argue--though we express no view as to the merits of such an argument--that one who commits a new offense while under sentence for an older one deserves a higher sentence even if the former conviction is later set aside.  Cf. United States v. Snyder, 235 F.3d 42, 52-53 (1st Cir. 2000) (later

---

[2]There is Supreme Court caselaw on the choice of law issue, interpreting the statute governing felon possession of firearms. In drawing guidance from these cases, account must be taken of the statutory amendment that occurred in 1986.  Compare Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 112 (1983), superceded by Firearms Owners' Protection Act, Pub. L. No. 99-308, § 101(5), 100 Stat. 449, 450 (1986) (codified at 18 U.S.C. § 921(a)(20) (2000)); with Caron v. United States, 524 U.S. 308, 312-17 (1998).

vacation of predicate state conviction does not invalidate federal felon possession conviction), cert. denied, 121 S. Ct. 2205 (2001).

If there was an error at all, a further sentencing question is whether such "error" is cognizable in a section 2255 proceeding. In our circuit, our decision in United States v. Pettiford, 101 F.3d 199, 201 (1st Cir. 1996), see also Brackett v. United States, 270 F.3d 60, 64 n.1 (1st Cir. 2001), cert. denied 122 S. Ct. 1575 (2002), might be taken to have answered, helpfully to Mateo, the question left open by the Supreme Court in Daniels v. United States, 532 U.S. 374, 382-83 (2001) and Custis v. United States, 511 U.S. 485, 491-92 (1994). However, the limitations imposed by Hill and Knight arguably remain.

In short, this case is one of potential importance as well as difficulty. We have mentioned the problems encountered in a preliminary look to be sure that they are noticed by counsel; but it is unwise for us to express any firm view, partly because they have not yet been briefed and partly because any constitutional claim Mateo may develop on remand could affect the equation. It is enough for the present that accepting responsibility ourselves for any confusion caused by Mateo I, we grant the COA, summarily vacate the judgment of the district court dismissing the petition for section 2255 relief, and remand for further proceedings consistent with this opinion.

It is so ordered.