Thomas ST. YVES, Petitioner, Appellant,

v.

Jeffrey MERRILL, Warden, Maine State Prison, Respondent, Appellee.

No. 03–1709.

United States Court of Appeals, First Circuit.

Oct. 17, 2003.

Randy S. Kravis on Memorandum in Support of Certificate of Appealability.

Before CAMPBELL, Senior Circuit Judge, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

Thomas St. Yves seeks a certificate of appealability ("COA") to appeal from the denial of his petition filed pursuant to 28 U.S.C. § 2254. Specifically, he seeks a COA to appeal from the denial of habeas relief on the basis of the following constitutional claims: 1) the trial court violated petitioner's Fifth Amendment rights by denying his motion to suppress the remains of his infant daughter as evidence derived from an illegal custodial interrogation; 2) his due process rights were violated by his conviction of manslaughter absent sufficient evidence; and 3) his trial counsel was ineffective for failing to grant petitioner's requests to be provided with copies of discovery material.

### I.  *The COA Standard*

The district court denied petitioner's first claim on a procedural ground but reached the merits of his second and third claims. With respect to the denial on a procedural ground, this court may grant a COA only if petitioner has demonstrated

> that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) "[I]f the petitioner's constitutional claim does not appear utterly without merit after a 'quick look,' the COA can be granted and an incorrect procedural barrier removed, the matter then being remanded to give the district court first crack at the constitutional claim." *Mateo v. United States*, 310 F.3d 39, 41 (1st Cir.2002).

Where the district court reached the merits of Yves' § 2254 claims, a COA may issue only if the following standard is satisfied:

> The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack,* 529 U.S. at 484, 120 S.Ct. 1595. The Supreme Court has recently emphasized that, at the COA stage, "the court of appeals should limit its examination to a threshold inquiry into the underlying merit of [a petitioner's] claims." *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1034, 154 L.Ed.2d 931 (2003). The Court explained the "threshold inquiry" as follows:

> We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it. When a court of appeals side steps this process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the merits, it is in essence deciding an appeal without jurisdiction.

*Id.* at 1039.

## II. *Fifth Amendment Claim*

██ The Maine Superior Court granted petitioner's motion to suppress certain statements made by him in response to an unwarned custodial interrogation in violation of *Miranda.* Petitioner argues that the trial court erred in denying his motion to suppress the body of his infant daughter as evidence derivative of those statements, and that the Maine Supreme Judicial Court (SJC) erred in affirming that denial. In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court "held that certain warnings must be given before a suspect's statement made during custodial interrogation could be admitted in evidence." *Dickerson v. United States,* 530 U.S. 428, 431–32, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000). The Court has since held that "*Miranda* announced a constitutional rule." *Id.* at 444.

The constitutional basis for that rule is the Fifth Amendment's privilege against self-incrimination. *See id.* at 435.

The district court denied this claim on procedural grounds, without reaching the merits. The magistrate judge's recommended decision (which was adopted by the district court judge) accepted respondent's characterization of this claim as a Fourth Amendment claim, notwithstanding petitioner's reference to violation of the *Miranda* requirements. The magistrate judge then agreed with respondent that pursuant to *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), "petitioner's Fourth Amendment claims may not be considered by the federal courts under the circumstances of this case."

It is at least debatable among reasonable jurists whether the district court erred in characterizing this claim as a Fourth Amendment claim and, therefore, in applying *Stone* to bar habeas review of the claim. *See Withrow v. Williams,* 507 U.S. 680, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993) (declining to extend *Stone* to bar habeas review of *Miranda* claims). Therefore, if "the petitioner's constitutional claim does not appear utterly without merit after a 'quick look,'" *Mateo,* 310 F.3d at 41, the COA should be granted.

The question whether the "fruit of the poisonous tree" doctrine applies here conceivably may be debatable among reasonable jurists. *See United States v. Faulkingham,* 295 F.3d 85 (1st Cir.2002). However, we need not decide that question. Even a "quick look" at the facts of this case reveal that, even assuming that the fruits doctrine applies, the prosecution satisfied the requirements of the inevitable discovery exception to that doctrine.

"[T]he inevitable discovery exception applies to any case in which the prosecution can show by a preponderance of the evi-

dence that the government would have discovered the challenged evidence even had the constitutional violation to which the defendant objects never occurred. *Nix v. Williams,* 467 U.S. 431, 440–48, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984)." *United States v. Scott,* 270 F.3d 30, 42 (1st Cir.2001), *cert. denied,* 535 U.S. 1007, 122 S.Ct. 1583, 152 L.Ed.2d 501 (2002). This court has noted that "[t]he term 'inevitable,' although part of the *Nix* doctrine's name, is something of an overstatement. The facts of *Nix* itself—a body hidden in an area of many square miles—show that what is required is a high probability that the evidence would have been discovered by lawful means." *United States v. Rogers,* 102 F.3d 641, 646 (1st Cir.1996).

The decision of the SJC sets forth the information lawfully available to the police. The conflicting statements by the parents regarding the whereabouts of their missing child were lawfully obtained. The trial court found that the police officer's presence in the trailer after the arrest of the mother was lawful and "his observations of the defendant's teary state and apparent distress are not suppressible." Petitioner has not specifically challenged those rulings. Given the condition of the trailer and the neglected state of the older child, the lawfully obtained information provided probable cause for a finding of abuse or neglect (which, in turn, would support issuance of a warrant to search the trailer for the infant). Given the limited size of the area to be searched, there is no question but that the body would have been discovered during such a search. Because even a "quick look" reveals that petitioner's Fifth Amendment claim is "utterly meritless," a COA may not be granted as to this claim.

### III. *Due Process Claim: Sufficiency of the Evidence*

■ Petitioner argues that the SJC's rejection of his insufficiency of the evi-

dence claim was an "unreasonable application" of the following federal standard:

> whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). He also argues that the SJC's decision was based on an unreasonable determination of the facts.

St. Yves' argument in support of this claim is that the prosecution did not rule out other possible causes of death. However, this court has noted, in applying the sufficiency of the evidence standard on direct appeal, that "[s]o long as the evidence, taken as a whole, supports the judgment of conviction, [the prosecution] need not rule out other hypotheses more congenial to a finding of innocence." *United States v. Gifford,* 17 F.3d 462, 467 (1st Cir.1994). A "threshold inquiry," stopping short of a "full consideration of the factual or legal bases adduced in support of the claim[ ]," *Miller–El,* 123 S.Ct. at 1034, reveals that, viewing this evidence in the light most favorable to the prosecution, reasonable jurists could not debate that the SJC was objectively reasonable in determining that a rational trier of fact could have found that St. Yves caused his daughter's death.

### IV. *Ineffective Assistance of Counsel Claim*

Petitioner seeks a COA on the ground that the state court's rejection of his ineffective assistance of counsel claim represents an "unreasonable application" of the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80

L.Ed.2d 674 (1984), and resulted in a decision based on an unreasonable determination of the facts. Specifically, petitioner argues that he was not required to satisfy *Strickland's* prejudice prong because his attorney's alleged failure to provide him with copies of discovery materials amounted to prejudice per se. However, the district court's determination that "[t]he state post-conviction review court correctly applied the prejudice prong of the *Strickland* test" is not debatable among reasonable jurists.

The Supreme Court "repeatedly has emphasized the limited nature of any exceptions to the general rule that a defendant [claiming ineffective assistance of counsel] must demonstrate actual prejudice.... As recently as May 28, 2002, the Court reiterated that prejudice may be presumed only in three narrowly circumscribed situations." *Ouber v. Guarino*, 293 F.3d 19, 32–33 (1st Cir.2002) (citing *Bell v. Cone*, 535 U.S. 685, 695–696, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002)). "Because the circumstances of this case do not fall within the contours of any of the three recognized exceptions to the *Strickland* formulation," *id.* at 33, the COA request must be denied as to this claim.

Petitioner's request for a COA is *denied* and the appeal is *terminated.*