Anderson v. United States          CV-04-268-SM   03/18/05
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Cheryl Anderson,
        Petitioner

        v.                                    Civil No. 04-268-SM
                                              Opinion No. 2005 DNH 046
United States of America,
        Respondent


                         **O R D E R**


        Cheryl Anderson challenges her conviction and sentence under

the provisions of 28 U.S.C. § 2255.  In her response to the

government's opposition to the petition, she says she is not

claiming that her trial or appellate counsel provided ineffective

or constitutionally deficient representation.  See Strickland v.

Washington, 466 U.S. 668 (1984).  Rather, she raises a number of

claims, most of which do not take into account the procedural

history of her case


        Petitioner was convicted of bank robbery (18 U.S.C.

§ 2113(a)) not based upon evidence presented at a trial, but upon

her own knowing, intelligent and voluntary plea of guilty.  The

plea was providently entered and nothing presented by petitioner, or that appears in the record, suggests otherwise.

Petitioner does raise an issue related to her sentence.  She claims that her Guideline Sentencing calculation was erroneous in that a prior state conviction for robbery was improperly counted in determining her career offender status.  To support her position she attaches an incomplete copy of the state judgment - she conveniently omits the pages related to the sentence imposed for the robbery.  But, it does not matter.  Review of the Presentence Investigation Report discloses that she had four prior convictions that qualified her as a career offender.  Only two are necessary, so, even if she is correct in her challenge of the 1989 robbery conviction, no prejudice resulted.  She is still a career offender and her criminal history category would be CHC VI even if the 1989 robbery conviction is ignored.

In any event, Sentencing Guidelines violations, even when established, do not automatically provide a basis for relief under § 2255.  More is needed.  A petitioner must, in that context, also show that the error represents "a fundamental

defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." See Mateo v. United States, 310 F.3d 39, 42 (1st Cir. 2002); quoting Hill v. United States, 368 U.S. 424, 428 (1962). Here no violation is established - the 1989 conviction was properly counted, and it is of no moment one way or the other, since petitioner had two qualifying convictions to spare. No possible prejudice could have resulted.

The other issues petitioner raises are completely without merit.

The petition is hereby denied. The motion and the files and the records of the case conclusively show that the petitioner is entitled to no relief.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 18, 2005

cc:  Cheryl Anderson, pro se
     Peter E. Papps, Esq.

3